IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. SANTOS, | ) | |
| | ) | Civil Action No. 13 – 961 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| DOCTOR JIN BYANGIT and | ) | |
| DOCTOR M. PARK, | ) | |
| | ) | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

For the following reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that such dismissal be with prejudice because granting Plaintiff leave to amend would be futile.

II. **REPORT**

Plaintiff is a Pennsylvania state prisoner. He initiated this action on July 8, 2013, by submitting a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. However, the case was subsequently closed because Plaintiff failed to pay the filing fee or submit a Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 2. Plaintiff thereafter moved for leave to proceed *in forma paupers*, his motion was granted and his Complaint was docketed in this matter

1

on August 1, 2013. *See* ECF Nos. 4-6. For the reasons that follow, Plaintiff's Complaint should be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act.

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from a governmental employee.

### B. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See* <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this

is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### C. Discussion

Plaintiff alleges that on April 1, 2013, while he was incarcerated at SCI-Greene, he sustained an injury to his right forefinger when a wheel to the food cart he was pushing back to the kitchen got stuck causing the cart to slide and hit the wall. He claims his finger was smashed between the cart and the wall and that he immediately informed the kitchen supervisor, Mr. Gibbs, about the incident. Plaintiff was taken to medical where photos were taken of his injury, his finger was wrapped and he received 600mg of Ibuprofen. He returned to medical nine days later at which time he received an x-ray on his right hand and forefinger. The x-ray indicated no broken bones. Plaintiff was then given 600mg of Ibuprofen for pain and swelling to be taken once a day for twenty-four days.

Plaintiff states that he feels he should have been given a larger quantity and a higher dosage due to the degree of pain and severity of his injury. He was informed that he would have to put in a sick call slip to receive more medication or to have his medication renewed after he was finished and that he would have to pay for it regardless of the fact that he sustained the injury while performing his kitchen work duties. He claims that he is still in pain and is no longer receiving medication or antibiotics. Plaintiff raises an Eighth Amendment deliberate indifference to medical needs claim but his allegations fail to state a claim upon which relief can be granted.

The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Famer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To state an Eighth Amendment violation in the context of medical treatment, an inmate must demonstrate two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). The second prong requires the court to subjectively determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Assuming the injury to Plaintiff's finger qualifies as a serious medical need for purposes of an Eighth Amendment violation, Plaintiff's allegations, and the exhibits he submitted in support of his Complaint, rebuff any claim that Defendants acted with deliberate indifference in treating his injury. Plaintiff admits that medical promptly responded by wrapping his finger and

providing him with medication for swelling and discomfort. His hand and finger were later x-rayed and the x-ray showed no indication of a broken bone. While Plaintiff states that he only received 600mg of Ibuprofen for twenty-four days following his x-ray, his own exhibits indicate that his prescription was refilled for thirty-days on May 23, 2013, and that he was prescribed 81mg of Children's Aspirin to be taken every day on an ongoing basis. *See* ECF No. 6-1 at 34.

Plaintiff readily admits that he disagrees with the dosage and length of his Ibuprofen prescription. However, the deliberate indifference standard affords considerable deference to prison doctors in the diagnosis and treatment of medical problems on inmates. Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). Courts will not second-guess the propriety or adequacy of a particular course of treatment if it is a question of sound professional judgment. Id. Thus, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napolean, 897 F.2d 103, 110 (3d Cir. 1990) (internal quotations and citations omitted). In Plaintiff's case, medical responded promptly and appropriately to Plaintiff's injury, the x-ray showed no signs of any broken bones and Plaintiff was given medication for the swelling and pain for over a month. This is a classic example where Plaintiff simply disagrees with the course of treatment for his injury, which clearly does not rise to the level of an Eighth Amendment violation.

Moreover, even if the doctor's judgment concerning the proper course of Plaintiff's treatment ultimately is shown to be mistaken, that would amount to medical malpractice and not an Eighth Amendment violation. *See* White, 897 F.2d at 110; *see also* Estelle, 429 U.S. at 105-06. A "misdiagnosis or preference for a certain type of treatment will not alone rise to the level of deliberate indifference." Christy v. Robinson, 216 F. Supp. 2d 398, 413 (D. N.J. 2002)

(citations omitted). Therefore, the undersigned finds that Plaintiff has failed to state a claim for deliberate indifference against the Defendants.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that such dismissal be with prejudice because granting Plaintiff leave to amend would be futile.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: August 6, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Joseph A. Santos
JG1121
175 Progress Dr.
Waynesburg, PA 15370
*Via U.S. Postal Mail*